NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 17-488 (RMB) |
| Plaintiff | |
| v. | **OPINION** |
| RAJAI GAINES, | |
| Defendant | |

**RENÈE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Defendant Rajai Gaines' ("Gaines") pro se motion for a reduction of sentence under Section 404 of the First Step Act ("FSA") Pub. L. No. 115-391, Title IV, Section 404, Dec. 21, 2018) (Docket No. 304), and his pro se motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Docket No. 332). For the reasons discussed below, the Court will deny these motions.

**I.     BACKGROUND**

Gaines is a federal prisoner presently confined in the Federal Correctional Institution ("FCI") Gilmer, in Glenville, West Virginia. (Docket No. 304 at 1.) On May 1, 2018, Gaines pled guilty (Docket No. 71) before this Court to a one-count Superseding Information (Docket No. 68), charging him with, on or about June 13, 2017, in Camden County, New Jersey "knowingly and intentionally possess[ing]

1

with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l), 841(b)(I)(B)." This Court entered Judgment on January 10, 2019, sentencing Gaines to a 120-month term of imprisonment. (Docket No. 106). Gaines was subject to, in accordance with his PSR, a base offense level of 26, and, as a career offender, a criminal history category of VI, resulting in a Guidelines range of 120 to 150-months imprisonment. (Docket No. 304 at 2.) Gaines now seeks a reduction of sentence under Section 404 of the First Step Act, "as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." (*Id.* at 2.) Gaines contends his career offender designation does not preclude him from a reduction of sentence under Section 404 of the FSA. (*Id.*) In his second motion, under 18 U.S.C. § 3582(c)(1)(A)(i), Gaines seeks a reduction of sentence based on present day crack and powder cocaine sentencing disparity.

## II.   DISCUSSION

### A.   Section 404(a) of the FSA

The Fair Sentencing Act [effective August 3, 2010] was designed to "restore fairness to Federal cocaine sentencing." *United States v. Jackson*, 964 F.3d 197, 200 n. 1 (3d Cir. 2020) (quoting 124 Stat. at 2372.) "It aimed to achieve this goal by reducing the sentencing disparities between possessors of crack … and possessors of powder cocaine…." *Id.* "Section two [of the Fair Sentencing Act] amended … § 841(b)(1)(B)(iii), by increasing the quantity threshold from five to twenty-eight

grams of crack. *United States v. Jackson*, 964 F.3d 197, 200 (3d Cir. 2020) (citing 124 Stat. at 2372). "The First Step Act of 2018 … makes those changes retroactive and gives certain crack offenders an opportunity to receive a reduced sentence." *Terry v. United States*, 141 S. Ct. 1858, 1860 (2021). The Supreme Court has recently interpreted Section 404(a) of the First Step act, as follows.

> The first section of the First Step Act, § 404(a), sets out who is eligible for relief:
>
>> "In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 … *that was committed before August 3, 2010.*" 132 Stat. 5222
>
> The second section, § 404(b), describes what relief is available for the parties who meet § 404(a)'s criteria:
>
>> "A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." 132 Stat. 5222.
>
> The third section, § 404(c), places two explicit limitations on available relief:
>
>> "No court shall entertain a motion made under this section to reduce a sentence *if the sentence was previously imposed* or previously reduced *in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010* … or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied

> after a complete review of the motion on the merits…." 132 Stat. 5222

*Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) (emphasis added).

When Gaines was sentenced on January 10, 2019, he received the benefit of Section two of the Fair Sentencing Act. Gaines is ineligible for a sentence reduction under § 404(a) of the FSA because his offense of conviction was not committed before August 3, 2010; and he is likewise ineligible under 404(c) of the FSA because his sentence "was previously imposed … in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *See*, *Concepcion*, 142 S. Ct. at 2401 (quoting 132 Stat. 5222). Thus, the Court turns to Gaines' second motion for reduction of sentence.

### B.     Sentence Reduction under § 3582(c)(1)(A)(1)

Gaines seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) "in light of the "General Policies Memorandum" from the Attorney General Merrick Garland." (Docket No. 331 at 1.)[1] Gaines asserts that "if sentenced today Mr. Gaines would have the benefit of the Attorney General's intention of curing the disparity in sentencing between crack and powder cocaine." (*Id.* at 2.)

The Court assumes Gaines is referring to the December 16, 2022 Department of Justice "Memorandum for all Federal Prosecutors" in drug cases.[2] This

---

[1] Pages 2, 4, and 5 of Gaines' motion are missing (Docket No. 332). Therefore, denial of this motion is without prejudice to refiling the motion, if the Court has misconstrued the basis for the relief sought.

[2] Available at https://www.justice.gov/media/1265321/dl?inline

Memorandum states,

> [t]he Justice Department supports elimination of the crack-to-powder sentencing disparity and has testified before Congress in support of the EQUAL Act, S. 79, which would remove that disparity." Thus, when prosecutors are handling crack cocaine cases, they are encouraged to, among other things, advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine. Where a court concludes that the crack cocaine guidelines apply, prosecutors should generally support a variance to the guidelines range that would apply to the comparable quantity of powder cocaine.

*Id.*, *supra* n. 2. The policies in this memorandum "are not intended to create a substantive or procedural right or benefit, enforceable at law." *Id.*

As discussed above, Gaines has received the benefit of the Fair Sentencing Act of 2010 with respect to sentencing disparity between crack and powder cocaine. Section 3582(c)(1)(A)(i) provides for a sentence reduction based on extraordinary and compelling reasons. "The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). "[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Id.* (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). Absent extraordinary circumstances or compelling reasons, § 3582(c)(1)(A)(i) does not support reduction of a lawfully imposed sentence. Therefore, the Court denies Gaines' motion under § 3582(c)(1)(A)(i).

## III. CONCLUSION

Gaines is ineligible for relief under Section 404 of the First Step Act. His motion for a sentence reduction under Section 404 will be denied with prejudice. Further, Gaines has not demonstrated extraordinary circumstances or compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). This motion will be denied without prejudice. *See, supra* n. 1.

An appropriate Order follows.

Date: **May 1, 2023**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
